JS 44 (Rev. 12/12)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Ruben Martinez

**DEFENDANTS**

City of Philadelphia, Officer Thomas Liciardello, Officer Michael Spicer, Officer Perry Betts, Officer Billips, Officer O'Malley, Officer Mccloskey

13  7114

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Gerald Ingram
5118 Woodbine Ave.
Philadelphia, PA 19131
215-990-0552

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities Employment
☐ 446 Amer. w/Disabilities Other
☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983

Brief description of cause:
Police Misconduct Litigation

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*
JUDGE                          DOCKET NUMBER

DATE
12/06/2013

SIGNATURE OF ATTORNEY OF RECORD

DEC 06 2013

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

13-CV-7114

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3303 Rorer Street Phila. PA

Address of Defendant: 1515 Arch Street Phila. PA 19102

13    7114

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑

*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

DEC 0 6 2013

I,_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
Attorney-at-Law       Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/6/13   Gerald B. Ingram   27690
Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Ruben Martinez

City of Philadelphia etr. ; al

CIVIL ACTION

**13    7114**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

12/6/13     Gerald Ingram     Ruben Martinez
**Date**     **Attorney-at-law**     **Attorney for**

215-990-0552           BIGGiuu@aol.com

**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02





$400

In the United States District Court
Eastern District of Pennsylvania

---

Ruben Martinez,
        "PLAINTIFF"       :
            V.           :
CITY OF PHILADELPHIA,  :
OFFICER THOMAS LICIARDELLO,  :
BADGE NUMBER 4383,  :
OFFICER MICHAEL SPICER,  :
BADGE NUMBER 5180,  :
OFFICER PERRY BETTS,  :
BADGE NUMBER 6761,  :
OFFICER BILLIPS
BADGE NUMBER 5945,
OFFICER O'MALLEY
BADGE NUMBER 6991,
OFFICER MCCLOSKEY
BADGE NUMBER 331
1515 ARCH STREET  :
Philadelphia, PA 19102  :
        "DEFENDANTS"  :
                :

**13   7114**

CIVIL ACTION NO:

JURY TRIAL DEMANDED

---

## COMPLAINT IN CIVIL ACTION – PARTIES

1.  At all times relevant, Ruben Martinez, was a citizen of Philadelphia, Pennsylvania, who resided at 3311 Rorer Street, and owned the property at 3303 Rorer Street, Philadelphia, PA.

2.  At all times relevant, City of Philadelphia, is a municipal corporation of the Commonwealth of Pennsylvania, and owns, operates, manages, directs, and controls the Philadelphia Police Department, which employs the below-named police officers.

1

3.  Defendant LICIARDELLO, at all times is employed by the Philadelphia Police Department, acting under color of state law, pursuant to official policy, custom or practice of the City of Philadelphia and/or its Police Department. He is being sued in his individual capacity.

4.  Defendant SPICER, at all times is employed by the Philadelphia Police Department, acting under color of state law, pursuant to official policy, custom or practice of the City of Philadelphia and/or its Police Department. He is being sued in his individual capacity.

5.  Defendant BETTS, at all times is employed by the Philadelphia Police Department, acting under color of state law, pursuant to official policy, custom or practice of the City of Philadelphia and/or its Police Department. He is being sued in his individual capacity.

6.  Defendant BILLIPS, at all times is employed by the Philadelphia Police Department, acting under color of state law, pursuant to official policy, custom or practice of the City of Philadelphia and/or its Police Department. He is being sued in his individual capacity.

7.  Defendant O'MALLEY, at all times is employed by the Philadelphia Police Department, acting under color of state law, pursuant to official policy, custom or practice of the City of Philadelphia and/or its Police Department. He is being sued in his individual capacity.

8.  Defendant MCCLOSKEY, at all times is employed by the Philadelphia Police Department, acting under color of state law, pursuant to official policy,

custom or practice of the City of Philadelphia and/ or its Police Department. He is being sued in his individual capacity.

## JURISDICTION

9. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## FACTUAL ALLEGATIONS

10. For more than twenty years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property and related misconduct.

11. The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

12. On or about, April 30, 2008, at 5:00pm, plaintiff was arrested at B and Erie without cause, by police officers Billips #5945 and O'Malley #6991. After his unlawful arrest, plaintiff was taken by both police officers to 3311 and 3303 Rorer Street Philadelphia, PA.

13. After his unlawful arrest, his residence, 3311 Rorer Street and the property he owns at 3303 Rorer Street were unlawfully searched by the police.

14. The searches of both aforementioned properties were conducted by the police initially, without a search warrant. After the initial warrantless searches were conducted; the police obtained search warrants for both properties.

15. Search warrant 135678 was issued at 8:45pm on April 30, 2008 for 3311 Rorer Street. Search warrant 135680 was issued at 8:47pm on April 30, 2008 for 3303 Rorer Street 2nd floor. Search warrant 135679 was issued at 8:50pm for 3303 Rorer St. All three of these warrants were issued by a Philadelphia Bail Commissioner at and were predicated on affidavits of Probable Cause sworn to by police officer Liciardello #4383.

16. Seizures of personal property belonging to plaintiff were made by the police, including a 2001 BMW automobile, PA license #FHD8368.

17. Said seizure of the 2001 BMW was done without a valid warrant.

18. Police also unlawfully seized real property belonging to plaintiff at 3303 and 3311 Rorer Street, Philadelphia, PA.

19. Plaintiff was taken into custody, and kept in jail at CFCF from April 30, 2008 until May 9, 2008.

20. Plaintiff's case was assigned case number MC-51-CR-0022457-2008.

21. A preliminary hearing was held in plaintiff's case on June 10, 2008.

22. At the conclusion of the preliminary hearing plaintiff was held for court, and case number CP-51-CR-0007215-2008 was assigned.

23. On December 3, 2012, Philadelphia District Attorney Seth Williams sent a letter to Philadelphia Police Commissioner Charles Ramsey stating that the District Attorney's Office would no longer use certain Philadelphia narcotics officers, including Defendant Spicer #5180, Defendant Liciardello #4383, and Defendant Betts #6761, as witnesses, or accept charges or approve search warrants in cases in which these officers were involved.

24. On February 5, 2013 the criminal charges against the plaintiff were nolle processed by the District Attorney for the City of Philadelphia.

**First Cause of Action**
**Federal Civil Rights Violations**

25. Plaintiff incorporates by reference paragraphs 1-24 of the instant Complaint.

26. As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff Ruben Martinez was deprived of the right to be free from unlawful arrest and detention, unlawful search and seizure, malicious prosecution, the right to be secure in ones' person and property and to due process of law. As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular in the Fourth and Fourteenth Amendments, and 42. U.S.C. § 1983.

27. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

5

28. Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the area of:

   a. Unlawful detentions and unlawful arrests by police officers;

   b. The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention;

   c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

   d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct.

   e. Police officers' use of their status as police officers to employ the use of unlawful arrest, or to achieve ends not reasonably related to their police duties;

   f. Police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

   g. The failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants

6

and the use of arrest powers under such circumstances as presented in the instant case;

h.  The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

i.  The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years like that alleged in this complaint; and

j.  The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

29.  Defendant City of Philadelphia failed to properly train, supervise, or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) the duty to provide accurate and truthful information to the prosecutor's office, (f) the duty to report and disclose misconduct and illegal actions of other officers, (g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or

7

involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal police actions or conduct.

30. Defendant City of Philadelphia failed to properly sanction or discipline officers it is are aware of who conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as plaintiff.

31. Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise and discipline police officers. The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects:

a. There are excessive and chronic delays in resolving disciplinary complaints;

b. There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c. There is a failure to effectively discipline substantial numbers of officers who are found to have engaged in misconduct.

d. The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent.

e. The PPD's discipline, as practiced, is incident based rather than progressive and comprehensive. Thus, repeat violators are not being penalized in proportion to the number of violations they commit.

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

f. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g. There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i. The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j. Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an effective early warning system.

k. Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l. Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to closely monitor, retrain and supervise the officers;

m. IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are

9

conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

n. IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in its investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

32. Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

33. Plaintiff incorporates by reference paragraphs 1-32 of the instant Complaint.

34. The acts and conduct of the defendant officers in this cause of action constitute false arrest/false imprisonment, malicious prosecution, negligent infliction of emotional distress, and outrageous conduct causing emotional distress, under the laws of the Commonwealth of Pennsylvania, and this court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiff requests the following relief:

a.  Compensatory damages as to all defendants;

b.  Punitive damages as to the individual defendants;

c.  Reasonable attorney's fees and costs as to all defendants;

d.  Such other declaratory and further relief as appears reasonable and just;
    and

e.  A jury trial as to each defendant and as to each count.


                                                    S/ Gerald Ingram
                                                     Gerald Ingram
                                              Attorney ID No. 27690
                                                 5118 Woodbine Ave.
                                               Philadelphia, PA 19131
                                                    215-990-0552
                                               Counsel for Plaintiff